UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
**BERNARD JEAN-JACQUES,**

                         **Plaintiff,**                        **REPORT AND**
                                                           **RECOMMENDATION**

                       **-against-**                            **22-CV-6138 (FB)**

**UBER TECHNOLOGIES, INC., et al.,**

                         **Defendants.**
----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

On October 12, 2022, defendants Uber Technologies, Inc. and Uber U.S.A., LLC ("the removing defendants") removed this personal injury action from state court based on the ground that the parties are citizens of different states and the amount in controversy exceeds $75,000. See Notice of Removal (Oct. 12, 2022) ("Notice"), Electronic Case Filing Docket Entry ("DE") #1. Because their Notice of Removal suffers from a series of defects as set forth below, this Court recommends that this action be remanded *sua sponte* to Supreme Court, Kings County, for lack of jurisdiction and for procedural defects.

## DISCUSSION

### I. Procedural Requirements

Federal courts "construe removal statutes strictly and resolve doubts in favor of remand." Purdue Pharma L.P. v. Kentucky, 704 F.3d 208, 220 (2d Cir. 2013); Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 274 (2d Cir. 1994). The removing party bears the burden of establishing that removal was proper, including compliance with the procedural requirements of the removal statute. See Wade v. Burns, 803 F.App'x 433, 435 (2d Cir.

2020); Khakimova v. Acme Mkts., Inc., 20-CV-02734 (ARR) (PK), 2020 WL 5511537, at *2 (E.D.N.Y. Sept. 14, 2020).

The Notice of Removal suffers from two procedural defects. First, the failure to comply with the unanimity requirement is fatal to the removal of this action. "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Courts require that "unambiguous" written consent by each of the defendants be submitted to the court within the thirty-day time period for removal. See Amparo v. City of Yonkers, 21-CV-02672 (PMH), 2021 WL 2313468, at *1 (S.D.N.Y. May 10, 2021); Burr ex rel. Burr v. Toyota Motor Credit Co., 478 F.Supp.2d 432, 437 (S.D.N.Y. 2006). "It is well established in this Circuit that it is not sufficient for a non-removing defendant to merely advise the removing defendant that it consents to removal and that the removing defendant may represent such consent to the Court on its behalf." Amparo, 2021 WL 2313468, at *1 (citation omitted). The failure to file written consent for all defendants is a "fatal procedural defect" that warrants remand. See Donovan v. Barrero Aguero, 22-CV-4407 (EK), 2022 WL 3588008, at *2 (E.D.N.Y. Aug. 1, 2022), adopted, 2022 WL 3586569 (E.D.N.Y. Aug. 22, 2022); Nasir v. HD Supply Facilities Maint., Ltd., 19-cv-00416 (DLI) (VMS), 2021 WL 5356746, at *2 (E.D.N.Y. Nov. 17, 2021); see also Taylor v. Medtronic, Inc., 15 F.4th 148, 152 (2d Cir. 2021) (finding "a clear statutory command from Congress that all defendants must consent to removal within thirty days of service"); Amparo, 2021 WL 2313468, at *1. Here, while the removing defendants filed the Notice of Removal within 30 days from the date that plaintiff advised in writing that the action was removable, see Notice ¶ 5, the Notice of Removal is

silent as to whether defendants Mamadou Tall, Jhantelle Cox and Katam Ranjithku, each of whom filed answers to the Complaint in state court (DE #1-4, DE #1-5), consented in writing to removal.

Second, the removing defendants removed this action more than one year after it was commenced in state court. See Notice ¶¶ 3, 4. Section 1446 establishes a one-year limit on the removal of diversity cases, which runs from the "commencement of the action" in state court. 28 U.S.C. § 1446(c)(1). A narrow exception from the one-year limit is available if "the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." Id. When "the plaintiff deliberately fail[s] to disclose the actual amount in controversy to prevent removal," the conduct qualifies as "bad faith" and can equitably extend the one-year deadline. 28 U.S.C. § 1446(c)(3)(B). The defendant bears the burden of proving bad faith by clear and convincing evidence. See Khakimova, 2020 WL 5511537, at *2; Marin v. Sephora USA, Inc., No. 20 Civ. 3520 (CM), 2020 WL 3999711, at *7 (S.D.N.Y. July 15, 2020). The bad-faith exception is narrow and was intended by Congress to be "'limited in scope.'" Khakimova, 2020 WL 5511537, at *2 (quoting Nocelli v. Kaiser Gypsum Co., Inc., No. 19-CV-1980 (RA), 2020 WL 230890, at *4 (S.D.N.Y. Jan. 15, 2020)).

Here, the removing defendants suggest that the late removal was caused by plaintiff "refus[ing] to provide a demand since the commencement of this action." Notice ¶ 4. Nevertheless, more is required to satisfy the removing defendants' burden. Plaintiff's failure to respond to defendants' discovery demands, standing alone, does not rise to the level of clear

3

and convincing evidence of bad faith.[1]  See Kozlova v. Whole Foods Mkt. Group, Inc., 20-CV-6025 (RPK) (RLM), 2021 WL 4398234, at *4 (E.D.N.Y. Sept. 26, 2021); Klimaszewska v. Target Corp., No. 21 CV 374 (LDH)(LB), 2021 WL 2877416, at *3 (E.D.N.Y. June 4, 2021), adopted, 2021 WL 2856891 (E.D.N.Y. July 8, 2021); Khakimova, 2020 WL 5511537, at *3.  "[E]ven where delay in defendants' removal could be traced to plaintiff's actions, courts have declined to excuse an untimely removal where plaintiff's actions did not evince a specific desire to prevent removal."  Martinez v. Yordy, 16 Civ. 005 (BMC), 2016 WL 8711443, at *2 (E.D.N.Y. Feb. 19, 2016); accord Khakimova, 2020 WL 5511537, at *3.

Importantly, in this case, the removing defendants do not allege bad faith by plaintiff or suggest that plaintiff has taken any actions specifically to defeat removal.  In Martinez, the District Court found that defendants failed to meet their burden of showing either bad faith or an intent to prevent removal despite evidence that defendants had sought a bill of particulars multiple times in state court, even moving to dismiss on that basis.  See 2016 WL 8711443, at *3.  Here, as in Martinez, the removing defendants have failed to meet their burden of showing that plaintiff acted specifically to prevent removal within the one-year window.  Absent a showing by "clear and convincing evidence" of such "bad faith," the one-year limit on removal of diversity cases requires remand to the state court.  See Kozlova, 2021 WL

---

[1] The removing defendants were not without a remedy when they did not receive a demand from plaintiff.  Under New York law, a defendant "may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled."  N.Y. C.P.L.R. § 3017(c).  If the plaintiff fails to serve a supplemental demand "within fifteen days [of the request], the court, on motion, may order that it be served."  N.Y. C.P.L.R. § 3017(c).  The removing defendants should have availed themselves of the state's procedures.  See O'Neill v. Target Corp., 21-CV-3262 (PKC) (ARL), 2021 WL 2634880, at *3 (E.D.N.Y. June 25, 2021) (collecting cases); Faktorovich v. Fleet Car Lease, Inc., 17-cv-1824 (DLI)(LB), 2017 WL 1331264, at *2 (E.D.N.Y. Apr. 10, 2017); accord De Garcia v. Tropicana Ent. Inc., 22-CV-12 (AMD) (JRC), 2022 WL 375996, at *3 (E.D.N.Y. Feb. 8, 2022).

4

4398234, at *4; Klimaszewska, 2021 WL 2877416, at *3-4 (recommending remand where plaintiff "failed to respond to multiple requests for discovery and a demand for damages"); Marin v. Sephora USA, Inc., No. 20 Civ. 3520 (CM), 2020 WL 3999711, at *7 (S.D.N.Y. July 15, 2020); Khakimova, 2020 WL 5511537, at *2 (ordering remand where "plaintiffs refus[ed] to respond to defendants' e-mails and motions").

## II.     Subject Matter Jurisdiction

Under 28 U.S.C. § 1447(c), a federal court may *sua sponte* remand an action at any time for lack of subject matter jurisdiction. See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth., 435 F.3d 127, 133 (2d Cir. 2006); Hamilton v. Aetna Life & Cas. Co., 5 F.3d 642, 643-44 (2d Cir. 1993); 28 U.S.C. § 1447(c). The party seeking removal to federal court bears the burden of establishing that the requirements for diversity jurisdiction have been met. See Mehlenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 291, 296 (2d Cir. 2000); Lupo, 28 F.3d at 273.

Diversity jurisdiction requires that plaintiffs be "citizens of states diverse from those of all defendants." Pennsylvania Pub. Sch. Emps. Ret. Sys. v. Morgan Stanley & Co., 772 F.3d 111, 117-18 (2d Cir. 2014). Here, the removing defendants have not identified the members of defendant Uber U.S.A., LLC. The citizenship of an LLC for diversity purposes is the citizenship of each of its members. See Bayerische Landesbank v. Aladdin Cap. Mgmt. LLC, 692 F.3d 42, 49 (2d Cir. 2012). The identity and citizenship of each member must be specifically alleged. See Donovan, 2022 WL 3588008, at *2; United States Liab. Ins. Co. v. M Remodeling Corp., 444 F.Supp.3d 408, 410 (E.D.N.Y. 2020); see also S.D.N.Y./E.D.N.Y. Local Civil Rule 81.1 (requiring that Notice of Removal identify

citizenship of each member of "limited liability company, or other unincorporated association"). Thus, the Notice of Removal in this case is clearly deficient with respect to diversity of the parties. See Donovan, 2022 WL 3588008, at *2; Daversa v. Cowan Equip. Leasing, LLC, 20-CV-0163 (WFK), 2020 WL 1866585, at *2 (E.D.N.Y. Jan. 14, 2020) (recommending that the action be remanded *sua sponte* for lack of jurisdiction because diversity of citizenship was not properly alleged in that notice of removal treated limited liability company as if it were a corporation), adopted, 2020 WL 967436 (E.D.N.Y. Feb. 28, 2020); Henriquez v. NRT Transp. LLC, 19-CV-3320 (ARR), 2019 WL 3083161, at *2 (E.D.N.Y. June 25, 2019), adopted, 2019 WL 3081188 (E.D.N.Y. July 15, 2019).

## CONCLUSION

For the foregoing reasons, the Court respectfully recommends that this action be remanded *sua sponte* to Supreme Court, Kings County, for lack of jurisdiction and for procedural defects. The removing defendants must promptly serve co-defendants with a copy of this opinion.

Any objections to this Report and Recommendation must be filed with the Honorable Frederic Block on or before **November 4, 2022**. Failure to file objections in a timely manner shall constitute a waiver of those objections.

**SO ORDERED.**

**Dated:** Brooklyn, New York
October 21, 2022

/s/   *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**